UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ETIENNE ECHNAYDER (A#244-354-822),

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-08789-TLN-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding pro se with a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The record in this case demonstrates that Petitioner is a native and citizen of Haiti who entered the United States on January 16, 2024 and was released on humanitarian parole premised upon either an explicit or implicit finding that he was not dangerous or a flight risk. ECF No. 6 at 5 (Notice to Appear). While on release, Petitioner did not commit any crimes and complied with the conditions of his release. See ECF No. 6 at 12 (I-213 Form). Petitioner is not subject to an administratively final order of removal. Respondent concedes that "this case is in the category of immigration habeas cases for which the Court has typically ordered immediate release on due process grounds." ECF No. 6 at 2.

Considering all of these factors, and consistent with the court's ruling in Juan Carlos V.B.

v. Chestnut, No. 1:26-CV-03077-TLN-SCR, 2026 WL 1224238, at *3 (E.D. Cal. May 5, 2026) (holding that "due process required Respondents to provide notice and a pre-deprivation hearing" to a noncitizen who was released at the border on humanitarian parole and re-detained two years later), the undersigned finds that Petitioner's Fifth Amendment right to procedural due process was violated by his detention without a pre-deprivation hearing.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted.

2. Respondent be ordered to immediately release Petitioner ETIENNE ECHNAYDER (A#244-354-822) from their custody.

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the California City Detention Facility with any order for release.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets

the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE